MORRISON TENENBAUM PLLC
Lawrence F. Morrison, Esq.
87 Walker Street  Floor 2
New York, New York 10013
Phone: (212) 620-0938
Fax:   (646) 390-5095

*Counsel for Margaret Wu*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| QUEEN ELIZABETH REALTY CORP | Case No. 13-12335(SMB) |
| Debtor. | |

-----------------------------------------------------------X
QUEEN ELIZABETH REALTY CORP.,

          Plaintiff,

v.                                                                                          Adv. Pro. 13-01386

MARGARET WU,

          Defendant.
-----------------------------------------------------------X

## ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

Defendant, Margaret Wu ("Defendant"), by and through her undersigned counsel, files her answer and affirmative defenses to the First Amended Verified Complaint dated August 20, 2013 ("First Amended Complaint") of plaintiff Queen Elizabeth Realty Corp. ("Plaintiff"), and respectfully submits:

    1.    Defendant neither admits nor denies the statements set forth in Paragraphs "1" through "7" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such

statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

2. Defendant admits that she is a wife of Phillip Wu, as to the allegations contained in Paragraph "8".

3. Defendant neither admits nor denies the statements set forth in Paragraphs "9" through "11" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

4. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the First Amended Complaint.

5. Defendant neither admits nor denies the statements set forth in Paragraph "13" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

## ANSWER TO ALLEGATIONS COMMON TO ALL ACCOUNTS

6. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "14" through "28" of the First Amended Complaint.

7. Defendant admits that she commenced a divorce action in 2009, as set forth in Paragraph "29" of the First Amended Complaint.

8. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "30" through "57" of the First Amended Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

9. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "57".

10. Defendant neither admits nor denies the statements set forth in Paragraph "59" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

11. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the First Amended Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

12. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "60".

13. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "62" through "63" of the First Amended Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

14. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "63".

15. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the First Amended Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

16. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "65".

17. Defendant neither admits nor denies the statements set forth in Paragraphs "67" through "68" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

18. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "69" of the First Amended Complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

19. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "69".

20. Defendant neither admits nor denies the statements set forth in Paragraphs "71" through "84" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

21. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "85" of the First Amended Complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

22. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "85".

23. Defendant neither admits nor denies the statements set forth in Paragraphs "86" through "90" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

24. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "91" of the First Amended Complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

25. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "91".

26. Defendant neither admits nor denies the statements set forth in Paragraphs "92" through "93" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

27. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "94" of the First Amended Complaint.

## ANSWERING THE EIGHTH CAUSE OF ACTION

28. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "94".

29. Defendant admits that she received transfers in the approximate aggregate amount of $500,000 ("Transfers"), as to Paragraph 96 of the First Amended Complaint. However, the Transfers were not fraudulent conveyance within the meaning of sections 548(a)(2), 544(b) and 550(a) of title 11 of the United States Code ("Bankruptcy Code").

30. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "97" through "98" of the First Amended Complaint.

## ANSWERING THE NINTH CAUSE OF ACTION

31. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "98".

32. Defendant neither admits nor denies the statements set forth in Paragraphs "100" through "102" of the First Amended Complaint as such statements are general assertions, contentions and/or legal conclusions to which no response is required. To the extent that such statements may be deemed to be factual assertions to which a response is required, the Defendant denies the truth thereof.

33. Defendant denies, subject to further review of her records, having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "103" of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

34. Defendant repeats and re-alleges each and every answer contained in Paragraphs "1" through "33" of this answer as through fully set forth herein.

35. Defendant hereby sets forth her separate and distinct affirmative defenses to the claims set forth in Plaintiff's First Amended Complaint. By listing any matter as an affirmative defense, Defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law.

## FIRST AFFIRMATIVE DEFENSE

36. The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice against Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)").

## SECOND AFFIRMATIVE DEFENSE

37. Plaintiff cannot satisfy one or more of the elements of sections 548(a)(2), 544(b) and 550(a) of the Bankruptcy Code.

## THIRD AFFIRMATIVE DEFENSE

38. The Transfers are not fraudulent transfers within the meaning of sections 548(a)(2), 544(b) and 550(a) of the Bankruptcy Code.

## FOURTH AFFIRMATIVE DEFENSE

39. The Transfers were made as good faith transferees for value and without knowledge of the violability of the Transfers within the purview of section 550(b) of the Bankruptcy Code. Therefore, the transfers are not subject to avoidance and recovery under section 550 of the Bankruptcy Code.

## FOURTH AFFIRMATIVE DEFENSE

40. None of the Transfers sought to be avoided and recovered were made with any actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that said Transfers were made or such obligation incurred or indebted. Thus, said Transfers are not subject to avoidance and recovery by the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

41. Defendant reserves the right to add to, amend and supplement its Affirmative Defenses as discovery and circumstances warrant.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss this adversary proceeding with prejudice together with her costs and attorney fees, and grant Defendant such other and further relief as may be just and proper.

Dated: New York, New York
October 7, 2013

Respectfully submitted,

MORRISON TENENBAUM PLLC

*/s/ Lawrence Morrison*
By: Lawrence F. Morrison, Esq.
87 Walker Street, Floor 2
New York, NY 10013
Phone: (212) 620-0938
Fax: (646) 390-5095
*Counsel for Margaret Wu*

# VERIFICATION

Margaret Wu, declares, under the penalty of perjury pursuant to 28 U.S.C. §1746 that she is an individual, one of the Defendants in this matter, and is duly authorized to make this verification that she read the foregoing answer and knows the contents thereof, which are true to the best of her knowledge, information and belief.

Dated: October 7, 2013

By: ___*(signature)*___
Margaret Wu